116 So.2d 463 (1959)
CITY OF MIAMI, Petitioner,
v.
Pedro BENITEZ, Respondent.
No. 59-439.
District Court of Appeal of Florida. Third District.
December 14, 1959.
William L. Pallot, City Attorney, and James J. McVeigh, Asst. City Atty., Miami, for petitioner.
Walter E. Gwinn, Miami, for respondent.
Darrey A. Davis, County Atty., Miami, Richard E. Gerstein, State Atty., and Eugene P. Spellman, Asst. State Atty., Miami, amici curiae.
HORTON, Chief Judge.
Petition for writ of certiorari was filed in this court by the City of Miami to review a final judgment of the Circuit Court of the Eleventh Judicial Circuit of Florida, dated June 17, 1959, which reversed a judgment of conviction of the respondent in the municipal court of the City of Miami on May 31, 1958. The respondent was charged with operating a motor vehicle in a willful and wanton disregard for the safety and property of others, and otherwise disobeying certain traffic regulations as to speed and manner of operation of a motor vehicle on the streets of the City of Miami. In addition, the respondent was charged with operating a motor vehicle while under the influence of alcoholic and intoxicating beverages.
The Circuit Court of the Eleventh Judicial Circuit of Florida, in the exercise of its final appellate jurisdiction, reversed the judgment of conviction rendered by the municipal court of the City of Miami, upon the ground that said court was without jurisdiction to hear and determine the charges against the respondent, but without prejudice to the petitioner, City of Miami, to prosecute respondent for the same alleged offenses in the Metropolitan Court of Dade County, Florida, for violations of the traffic ordinances of said county. In so ruling, the Circuit Court relied upon the case of Miami Shores Village v. Cowart, Fla. 1958, 108 So.2d 468.
Petitioner's main contention here is that the Dade County traffic ordinance (57-12) and the Metropolitan Court ordinance (57-13) are void because they conflict with Sections 20 and 21 of Article III of the Constitution of Florida, F.S.A. In addition, petitioner urges that the county traffic ordinance did not bar municipalities from adopting the county traffic ordinance as a minimum standard and that the City of *464 Miami had adopted such traffic ordinances and therefore had concurrent jurisdiction with the Metropolitan Court to try offenders of county traffic ordinances. This latter contention is based upon the premise that the Home Rule Charter of Dade County did not authorize the County Commission of Dade County to confer exclusive jurisdiction upon the Metropolitan Court.
Without belaboring the questions raised by the petitioner, suffice it to say that the Supreme Court of Florida has already answered these contentions adverse to the petitioner. See Miami Shores Village v. Cowart, supra, and City of Miami v. Keton, Fla. 1959, 115 So.2d 547, 551 and City of Miami Beach v. Cowart, Fla. 1959, 116 So.2d 432.
Of special significance here is the recent expression of the Supreme Court of Florida in City of Miami v. Keton, supra, where the court, in considering the ordinances setting the jurisdiction of the Metropolitan Court and repealing county and municipal ordinances, resolutions, charters and special laws, as well as general laws, in conflict therewith, said:
"It is our view that this question is answered contrary to the contention of appellant in Miami Shores Village v. Cowart, Fla. 1958, 108 So.2d 468. It further appears from all that has been said that the ordinances in question were within the power of the Board of County Commissioners to enact, that as to traffic regulations said ordinances superseded all municipal charters and ordinances in conflict therewith and divested municipal courts in Dade County of all jurisdiction to entertain, adjudicate or punish those charged with traffic violations as of March 1, 1958." [Emphasis supplied.]
Accordingly, the petition for certiorari is denied.
PEARSON and CARROLL, CHAS., JJ., concur.